Death Opinion









 








IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 

 




WR-74,593-01




 


In re District Attorney's Office of the 25th Judicial District, Applicant

(State v. Charles Morgan Dittman, Sr.)

 







On Petition for a Writ of Mandamus Regarding

Case 09-1941-CR of the 274th Judicial District Court,

Guadalupe County







 Womack, J., delivered the order of the Court, in which Meyers, Price, Johnson,
Keasler, Hervey, and Cochran, JJ., joined. Keller, P.J., filed a dissenting opinion.

 

O R D E R
 

 


 A sexual assault case is pending in the District Court. The complainant was interviewed
at the Child Advocacy Center. The State has a DVD recording of the interview, and the District
Court has ordered the State to make a copy of the recording for the defendant's counsel. The
prosecutor seeks a writ of mandamus ordering the district judge to rescind his order.

 The issue is whether the order to make the defense a copy is permitted under the language
of the discovery statute, article 39.14(a) of the Code of Criminal Procedure:

 Upon motion of the defendant showing good cause therefor and upon notice to the
other parties, except as provided by Article 39.15, the court in which an action is
pending shall order the State before or during trial of a criminal action therein
pending or on trial to produce and permit the inspection and copying or
photographing by or on behalf of the defendant of any designated documents,
papers, written statement of the defendant, (except written statements of witnesses
and except the work product of counsel in the case and their investigators and
their notes or report), books, accounts, letters, photographs, objects or tangible
things not privileged, which constitute or contain evidence material to any matter
involved in the action and which are in the possession, custody or control of the
State or any of its agencies. The order shall specify the time, place and manner of
making the inspection and taking the copies and photographs of any of the
aforementioned documents or tangible evidence; provided, however, that the
rights herein granted shall not extend to written communications between the
State or any of its agents or representatives or employees. Nothing in this Act
shall authorize the removal of such evidence from the possession of the State, and
any inspection shall be in the presence of a representative of the State.


 The discretion of the trial court in matters of discovery (1) surely includes the discretion to
exercise the statutory authority to "order the State before  trial of a criminal action therein
pending  to produce and permit the inspection and copying  by or on behalf of the defendant
of any designated photographs, objects or tangible things not privileged, which constitute or
contain evidence material to any matter involved in the action and which are in the possession,
custody or control of the State or any of its agencies."

 The same statute authorizes - indeed, requires - that the "order shall specify the time,
place and manner of  taking the copies and photographs of any of the aforementioned
documents or tangible evidence."

 The court's order that the State make a copy of the DVD is supported by the statute's
authority.

 What would be the alternative to the court's order? The court could have followed the
literal language of the statute by ordering the State "to produce and permit the  copying  by
the defendant" of the DVD - that is, to hand over the DVD to the defendant so that he could
make the copy. We imagine that the State would prefer to keep the evidence in its possession.

 The court's order for the State to make the copy, which is a task both easy and
inexpensive, was reasonable. It also was authorized by the statute.

 Leave to file the State's petition for a writ of mandamus is denied.

 IT IS SO ORDERED THIS THE 30TH DAY OF MARCH, 2011.


Publish.
1. See generally Quinones v. State, 592 S.W.2d 933, 940 (Tex. Cr. App. 1980).